**ACME SCOW CORPORATION v. PHŒNIX SAND & GRAVEL CO. et al.**

(District Court, E. D. New York. January 14, 1921.)

Shipping ☜54—Charterer liable for injury to scow from unsafe berth.

Where a scow was taken by the charterer as near to the pier of a contracting company, where it was to be unloaded as it could go at the state of the tide, and when the tide rose was hauled nearer by the contracting company, until it grounded where it was left overnight, and was injured by settling on an uneven bottom when the tide fell, the contracting company *held* primarily, and the charterer secondarily, liable for the damage.

In Admiralty. Suit by the Acme Scow Corporation against the Phœnix Sand & Gravel Company, succeeded by the Goodwin Sand & Gravel Company, with the Degnon Contracting Company impleaded. Decree for libelant against both respondents.

Macklin, Brown, Purdy & Van Wyck, of New York City, for libelant.

Foley & Martin, of New York City, for charterer.

Parker & Aaron, of New York City, for Degnon Contracting Co.

GARVIN, District Judge. The Acme Scow Corporation has filed this libel against the Phœnix Sand & Gravel Company for damages sustained by libelant's scow, while in the possession of the Phœnix Sand & Gravel Company, on or about December 24, 1917. The Goodwin Sand & Gravel Company is the successor of the Phœnix Sand & Gravel Company and has taken its place herein by appropriate amendments.

The respondent claims that it was without negligence, and that the damage was caused either through the fault of the Degnon Contracting Company, which has been brought in by petition, under the fifty-ninth rule in admiralty (29 Sup. Ct. xlvi), or the captain of the scow, who is claimed by the respondent to have been the agent of the libelant.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The libelant chartered its scow Roy, with a scowman, to the Phœnix Sand & Gravel Company. Thereafter, and on December 24, 1917, this scow, with a cargo of sand and gravel, was taken by a tug hired by the respondent to the foot of Sixth street, Brooklyn. It was left in Gowanus Canal, some 200 or 300 feet from its destination, the pier of the Degnon Contracting Company, as the water was too low to take it any further. Thereafter, as the tide rose, the scow was hauled towards the pier or dock of the Contracting Company by the latter's men, the captain of the scow assisting. When it could be taken no further, on account of shallow water, it was left aground overnight, with the result that, as the tide fell, it listed off and sustained the injuries for which the libel was filed.

The testimony is conflicting as to whether the captain of the scow had anything to do with its movements, except to act as a watchman. Upon this conflict, the court finds that the captain was no more than a mere watchman and that, in whatever he did to assist in taking the boat to her final destination, he acted in behalf of the charterer, and not of the libelant.

An additional question of fact is involved. The respondent contends that the scow was hauled toward the plant of the Degnon Contracting Company by the latter's men (assisted, perhaps, by the scowman), and that the Contracting Company failed to provide a safe berth, thus becoming liable. Daly v. New York Dock Co., 254 Fed. 691, 166 C. C. A. 189. The Contracting .Company offered testimony that the captain of the scow (or scowman) actively co-operated and consented to move the boat; but after hearing and seeing the witnesses, the court accepts the testimony of the scowman that the employees of the Contracting Company were in charge of and directed the moving. The Degnon Contracting Company is therefore held primarily liable and the respondent secondarily liable. White v. Upper Hudson Stone Co., 248 Fed. 893, 160 C. C. A. 651.

Decree accordingly with reference to a master to compute the damage.